[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14642
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cr-00440-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEVIN KYLE DAWKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 8, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tevin Dawkins appeals his sentence of 108 months of imprisonment, which was imposed following his plea of guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Dawkins argues that his sentence at the high end of his advisory guideline range is substantively unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Dawkins and accounted for his offense of possessing a firearm and his post-offense crimes. During a traffic stop, Dawkins attempted to conceal his hands with a jacket as he rummaged through his center console, which led a state trooper to grab the jacket and order Dawkins at gunpoint to exit his vehicle. But Dawkins dawdled before climbing out of the vehicle and, while lying on the ground, he reached for his driver's seat, under which troopers discovered a 9 millimeter firearm. A further search of the vehicle uncovered two drug scales, bags containing white powder, and bags of marijuana inside a pill bottle. Ten months later, Dawkins was arrested for possessing illegal drugs, using drug paraphernalia, and carrying a pistol without a permit. Dawkins had a sentencing range of 87 to 108 months based on his offense level of 27 and criminal history of III, which included convictions in Alabama for possessing marijuana on three different occasions and for carrying a concealed pistol without a license. The district court reasonably determined that a sentence of 108 months was necessary to address "the nature and circumstances of [Dawkins's] offense," which endangered his life and that of the trooper, and his

2

"history and characteristics," which included "continuing [his] criminal conduct" after his arrest. *See* 18 U.S.C. § 3553(a).

Dawkins argues, for the first time, that a statistical disparity exists between his sentence and the sentences imposed nationally on offenders with a similar conviction and criminal history score, but the statistics Dawkins cites are bare numbers without context and fail to establish that his sentence differs from similarly situated defendants. *See United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009). Dawkins's sentence is reasonable. *See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).

We **AFFIRM** Dawkins's sentence.